UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**James Nichols,**

**Plaintiff,**

**-v-** **5:10-CV-737 (NAM/GHL)**

**Peter T. Roach and Associates, PC,**

**Defendant.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Weisberg & Meyers, LLC
Dennis R. Kurz, Esq.
5025 North Central Avenue #602
Phoenix, Arizona 85012
Attorney for Plaintiff

Mel S. Harris & Associates, LLC
Scott E. Wortman, Esq.
5 Hanover Square, 8th Floor
New York, New York 10004
and
Peter T. Roach, Esq.
125 Michael Drive
Syossett, New York 11791
Attorneys for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

In this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., plaintiff moves for class certification and appointment of class counsel (Dkt. No. 14). As explained below, the motion is denied.

**BACKGROUND**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e); *see, e.g., Ellis v. Solomon & Solomon, P.C.*, 591 F. 3d 130, 134 (2d Cir. 2010). In furtherance of this purpose, the FDCPA prohibits a debt collector from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"; from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt"; and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692d; 1692e; 1692f. The FDCPA imposes civil liability for failure to comply. 15 U.S.C. §1692k.

The amended complaint (Dkt. No. 10) alleges that the named plaintiff is a consumer within the protection of the FDCPA and is obligated to pay a debt arising out of his use of a CitiBank (South Dakota) N.A., CITI AADVANTAGE credit card. It alleges that defendant, a debt collector within the meaning of the FDCPA, mailed plaintiff a letter that violated the FDCPA because it falsely represented that it was from an attorney, created a false impression as to its source, used deceptive and unconscionable means to collect a debt, and omitted required information. *See* 15 U.S.C. §§ 1692e(3), (9), (10); 1692f; 1692g(a)(5). The amended complaint defines the proposed class as:

> All persons located in the Second Circuit who, within one year before the date of this complaint, received a letter from Defendant in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the letter

mailed to Plaintiff.

This action was commenced on June 23, 2010; thus the class period would run from June 24, 2009 to June 23, 2010.

**APPLICABLE LAW**

As the party seeking class certification, plaintiff bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) are met. *See* Fed. R. Civ. P. 23; *Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __ , 2011 WL 2437013, *5 (June 20, 2011). Subdivisions (a) and (b) of Rule 23 provide:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> ***
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

**DISCUSSION**

Preliminarily, the Court addresses defendant's contention that this case is "preempted" by a previously-filed putative FDCPA class action, *Machlis v. Peter T. Roach & Assocs.* (E.D.N.Y. CV09-5568), which was based on the same letter mailed by the same defendant as in the instant case. No class was ever certified in *Machlis*, which was settled on May 2, 2011. Presumably, the named plaintiff in *Machlis*, who received his letter during the proposed class period in the instant action, would be excluded from any class recovery herein. Apart from this, *Machlis* has no bearing on the present case.

The four requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation. Regarding numerosity, an affidavit submitted by Tim Murtha, Esq., an employee of defendant, in response to the motion, states: "Based on plaintiff's class description, after careful review, numerosity is 3,545 people, which includes accounts that are now closed." Clearly, the class is so numerous that joinder of all members is impracticable. The proposed class meets the numerosity requirement of Rule 23(a)(1).

The second requirement, commonality, requires that there be questions of law or fact common to the class. In its recent decision in *Wal-Mart*, 2011 WL 2437013 at *7, the Supreme Court states that in order to satisfy Rule 23(a)(2), a party seeking class certification must show that the claims of the putative class "depend upon a common contention ... of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." In the instant case, by definition, the proposed class comprises all those consumers who received the collection letter during the one-year period between June 24, 2009 and June 23, 2010. Each class

member's claim depends on the contention that statements in the letter violate the FDCPA. Resolution of this contention will resolve the issue that is central to the validity of each class member's claim. Thus, the proposed class presents a common question of law within the meaning of Rule 23(a)(2). For the same reason, plaintiff meets the third requirement, typicality, because the claim of the representative party is typical of the claims of the class.[1] *See* Rule 23(a)(3).

The final requirement of Rule 23(a) is "adequacy of representation," *i.e.*, the representative party must fairly and adequately protect the interests of the class. *See Seijas v. Republic of Argentina*, 606 F.3d 53, 57 (2d Cir. 2010). "This inquiry, in part, considers the competency of class counsel and the existence of conflicts that might impair its representation." *Id*. Regarding the adequacy of a proposed class representative, the Second Circuit states that he "must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). In the instant case, there is no affidavit or declaration under penalty of perjury from James Nichols, the named plaintiff. In the absence of an affidavit or declaration from the named plaintiff, the Court cannot evaluate the factors bearing on his adequacy as a class representative, such as his knowledge concerning the class claim, his understanding of his role as class representative, whether he shares a common interest with the proposed members of the

[1] As the Supreme Court notes in *Wal-Mart*, 2011 WL 2437013 at *7, n.5:

> We have previously stated in this context that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

class, and whether he has any interest antagonistic to theirs. It is true that "a conflict or potential conflict alone will not ... necessarily defeat class certification – the conflict must be 'fundamental.'" *Id*. In the absence of any information regarding Nichols' interests, however, the Court cannot determine whether there is a conflict and, if so, whether it is fundamental. As defendant points out, plaintiff's counsel Dennis R. Kurz, Esq., has represented James Nichols and his wife Katherine Nichols as plaintiffs in six FDCPA cases in the Northern District during the last year. Of these, the instant action and two others – *James Nichols v. NCC Business Servs., Inc*. (5:10-CV-1055), and *Katherine Nichols v. Viking Collection Servs., Inc*. (5:10-CV-1056) – are putative class actions. In the *NCC Business* case, no class has been certified and it appears there is some discussion of settlement. In the *Viking Collection* case, no class was certified and the action was settled within two months of its filing. *James Nichols v. Frederick J. Hanna & Assocs.* (5:10-CV-776), not a class action, was dismissed on the merits. *James Nichols v. Rubin & Rothman, LLC* (5:10-CV-981) and *James Nichols v. Pentagroup Financial, LLC* (5:11-CV-209), not class actions, were both settled within three months of filing. In November 2010, Attorney Kurz also brought a FDCPA action in the Northern District in which Michelle Nichols is plaintiff; her relationship (if any) to James and Katherine is not disclosed. That action, *Michelle Nichols v. Cawley & Bergmann, LLP* (5:10-CV-1418), not a class action, was settled within three months. Of course this litigation history is not in itself evidence that James Nichols has an interest antagonistic to the interests of other class members. It does, however, require a detailed explanation.[2] Thus, under the circumstances of this case, the Court holds that plaintiff

---

[2] There is no merit to plaintiff's argument that "this is a pleading motion" and that for purposes of class certification, the Court should simply accept as true plaintiff's allegations concerning the merits of the case. First, there are no relevant allegations for the Court to accept, because there are no firsthand

has not "affirmatively demonstrate[d]" his adequacy as a class representative as required by *Wal-Mart*, 2011 WL 2437013 at *7.

As for the adequacy of plaintiff's counsel, Dennis R. Kurz, Esq., to represent the class, this question cannot be resolved independently of the question of the adequacy of his client, the named plaintiff, as class representative. Moreover, the sole evidence regarding Attorney Kurz's qualifications is a firm resumé summarizing the qualifications of the attorneys in Weisberg & Myers, LLC, the law firm to which he belongs. Defendant's Memorandum of Law argues:

> Here, plaintiffs attorney's entire validation for his adequacy as class counsel is summarized by his firm's resumé.... Upon reviewing plaintiffs attorney's firm's resumé, it appears that Dennis Kurz is the only attorney at the firm licensed in New York State. Furthermore, there is no mention of Dennis Kurz having any experience with class action litigation, nor is there any mention of Kurz's familiarity, knowledge, or experience with the FDCPA. In addition, although the firm's resumé states that Dennis Kurz graduated from Seton Hall University School of Law with his JD degree in 2001, based on a New York State Unified Court System search, Mr. Kurz was not admitted to practice in New York State until 2008. As well, a cursory search of the United States Party Case Index demonstrates that Dennis Kurz has filed 103 cases in New York Federal Courts since 2009, none of which were ever certified as a class action.

(Citations to record omitted.) On this issue, Attorney Kurz replies: "Under Local Rule 83.1, other qualified members of his firm can be admitted to this Court *pro hac vice* to assist in the class action. The qualifications of the attorneys at Weisberg & Meyers, including Mr. Kurz, speak for themselves." The possibility that another unnamed member of the firm may at some point step in

---

allegations from plaintiff himself – as opposed to his counsel – regarding plaintiff's fitness as class representative. And second, in determining whether each Rule 23 requirement has been met, the Court must resolve all relevant factual issues, including any aspect of the merits related to a Rule 23 requirement. *See In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). As the Supreme Court states in *Wal-Mart*, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." 2011 WL 2437013 at *7.

"to assist" does not enable this Court to evaluate the adequacy of Attorney Kurz as class counsel.[3] This Court does not hold that Attorney Kurz is not qualified; rather, it holds that he has not made the required affirmative demonstration that he is qualified.

Accordingly, the Court concludes that plaintiff has not satisfied Rule 23(a)(4). Therefore, it is unnecessary to decide whether plaintiff has satisfied Rule 23(b).

It is therefore

ORDERED that the motion (Dkt. No. 14) to certify a class and appoint class counsel is denied.

IT IS SO ORDERED.

Date: August 10, 2011
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

3 The decision of a District Court in Arizona recently appointed the law firm of Weisberg & Meyers, LLC as class counsel in another FDCPA case, *Garo v. Global Credit & Collection Corp.*, No. CV-09-2506, is no substitute for a proper adequacy showing before this Court.